# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 10, 2023

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO. 17-CR-120 (CKK)** |
| | : | |
| v. | : | **UNDER SEAL** |
| | : | |
| **HAROLDO WALDEMAR** | : | 21 U.S.C. §§ 848(a), 848(b), 848(c), and |
| **LORENZANA-TERRAZA,** | : | 848(e)(1)(A) |
| **also known as "Haroldito," "Chukito,"** | : | (Continuing Criminal Enterprise) |
| **"Justino," "Salvador Ferragamo," and** | : | |
| **"Stefano,"** | : | 21 U.S.C. §§ 959(a), 960(a)(3), |
| | : | 960(b)(1)(B)(ii), and 963 |
| **STEVEN OVALDINO LORENZANA** | : | (Conspiracy to distribute five kilograms or |
| **ALVARENGA, also known as "Chipi,"** | : | more of cocaine for importation into the |
| | : | United States) |
| **MANUEL LIZANDRO LOPEZ** | : | |
| **GONZALEZ, also known as "Pinche,"** | : | 21 U.S.C. §§ 959(a), 960(a)(3), 960(b)(1)(A), |
| | : | and 963 |
| **GILBERTO QUILEB, also known as** | : | (Conspiracy to distribute one kilogram or more |
| **"Sapo," and** | : | of heroin for importation into the United |
| | : | States) |
| **ALLAN MENDOZA, also known as** | : | |
| **"Carnes," and "Carnitas,"** | : | 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), |
| | : | 924(c)(1)(B)(i), and 924(c)(1)(B)(ii) |
| **Defendants.** | : | (Use, Carry, and Possession of a Firearm) |
| | : | |
| | : | 18 U.S.C. § 2 (Aiding and Abetting) |
| | : | |
| | : | 21 U.S.C. §§ 853 and 970 |
| | : | (Forfeiture) |
| | : | |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

1.     The Lorenzana drug trafficking organization (hereinafter, the "Lorenzana DTO") has been one of most significant drug-trafficking organizations operating in Guatemala since the early 2000s.  It is primarily based in the Department of Zacapa, Guatemala.

2.     The Lorenzana DTO is responsible for transporting multi-ton quantities of cocaine from Colombia and other South and Central American countries to Guatemala.  The Lorenzana DTO facilitates the transportation of the cocaine to various Mexican drug-trafficking organizations for eventual transportation into the United States and other destinations.

3.     The Lorenzana DTO also facilitates the collection, transportation, and delivery of narcotics proceeds, from the United States to Guatemala.

4.     The Lorenzana DTO carries out acts of violence, including murder, assault, kidnapping, assassination, and acts of torture in furtherance of its narcotics-trafficking activities. In carrying out these acts of violence, its members possess, carry, use, and brandish firearms, including destructive devices, machine guns, and semiautomatic assault weapons.  The Lorenzana DTO commits these acts of violence for a variety of reasons, including but not limited to:

   a.     Promoting and enhancing the prestige, reputation, and position of the Lorenzana DTO with respect to rival criminal organizations, including other drug-trafficking organizations;

   b.     Preserving, protecting, and expanding the power, territory, and criminal

2

ventures of the Lorenzana DTO;

c.     Keeping victims, rivals, and law enforcement in fear of the Lorenzana DTO, its members, and associates;

d.     Enriching the members and associates of the Lorenzana DTO through criminal activity, including narcotics trafficking; and

e.     Imposing retribution to elected and public officials and others for failing to provide services to the Lorenzana DTO.

5.     Since beginning in approximately late 2006 and early 2007, the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA,** also known as "Haroldito," "Chukito," "Justino," "Salvador Ferragamo," has been a leader within the Lorenzana DTO, along with his father Haroldo Geremias Lorenzana Cordon, his uncles, Eliu Lorenzana Cordon and Waldemar Lorenzana Cordon, his aunt, Marta Julia Lorenzana Cordon, and his grandfather Waldemar Lorenzana Lima.

6.     Waldemar Lorenzana Lima was arrested in Guatemala in or about April 2011 and was detained until his extradition to the United States in or about 2014. Eliu Lorenzana Cordon was arrested in Guatemala in or about November 2011 and was detained until his extradition to the United States in or about 2015. Waldemar Lorenzana Cordon was arrested in Guatemala in or about September 2013 and was detained until his extradition to the United States in or about 2014. Accordingly, by approximately 2014, **HAROLDO WALDEMAR LORENZANA-TERRAZA** became the principal leader of the Lorenzana DTO.

7.     **HAROLDO WALDEMAR LORENZANA-TERRAZA's** father, Haroldo Germias Lorenzana Cordon was arrested in Guatemala in or about November 2019, and his aunt,

Marta Julia Lorenzana Cordon, was arrested in Guatemala in or about February 2021. In December 2021, both Haroldo Geremias Lorenzana Cordon and Marta Julia Lorenzana Cordon were extradited to the United States, further solidifying **HAROLDO WALDEMAR LORENZANA-TERRAZA's** role as the principal leader of the Lorenzana DTO.

8.      In this capacity, **HAROLDO WALDEMAR LORENZANA-TERRAZA** has successfully expanded the Lorenzana DTO's presence in Guatemala and now controls the Departments of Zacapa and Chiquimula and maintains a strong presence in the neighboring Departments of Izabal and the Verapaz bordering the Department of Petén, Guatemala, and Honduras.

9.      **HAROLDO WALDEMAR LORENZANA-TERRAZA** traffics multi-ton quantities of cocaine through Guatemala on behalf of various Mexican, Honduran, and Venezuelan-based drug trafficking organizations. The cocaine is ultimately imported into the United States by Mexican drug trafficking organizations.

10.     **HAROLDO WALDEMAR LORENZANA-TERRAZA** regularly uses violence, including murder, to advance his drug trafficking activities.

11.     **HAROLDO WALDEMAR LORENZANA-TERRAZA** is heavily armed, employing security guards, who use firearms, machine guns, semiautomatic assault weapons, and destructive devices, such as grenades, to protect the Lorenzana DTO's drug shipments and to prevent the capture of **HAROLDO WALDEMAR LORENZANA-TERRAZA** and his co-conspirators.

12.     As **HAROLDO WALDEMAR LORENZANA-TERRAZA's** power and influence in the drug trafficking community has grown, he has encircled himself with a loyal group

4

of associates, including but not limited to defendants **STEVEN OVALDINO LORENZANA Alvarenga**, also known as "Chipi," **MIGUEL LIZANDRO LOPEZ GONZALEZ**, also known as "Pinche," **GILBERTO QUILEB**, also known as "Sapo," and **ALLAN MENDOZA**, also known as "Carnes," and "Carnitas."

<u>**COUNT ONE**</u>
(Continuing Criminal Enterprise)

13.    The allegations contained in paragraphs one through twelve are realleged and incorporated as if fully set forth in this paragraph.

14.    From in or about the beginning of 2006, and continuing thereafter, up to and including the date of the filing of this Superseding Indictment, both dates being approximate and inclusive, in the countries of Venezuela, Guatemala, Mexico, the United States, and elsewhere,

**HAROLDO WALDEMAR LORENZANA-TERRAZA,**
also known as "Haroldito," "Chukito," "Justino,"
"Salvador Ferragamo," and "Stefano,"

defendant herein, together with others, both known and unknown to the Grand Jury, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA** committed violations of Title 21, United States Code, Sections 952(a), 959(a), 960 and 963, including Violations One through Six set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA** in concert with five or more other persons, with respect to whom the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA** occupied a supervisory and management position, and was a principal administrator, organizer, and leader of the continuing criminal enterprise, and from which continuing series of violations the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA** obtained

5

substantial income and resources, in excess of $10 million in gross receipts in a twelve month period for the manufacture, importation and distribution of cocaine. Each violation involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 1,500 kilograms or more of a mixture or substance containing cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Six set forth below:

<u>Violation One</u>
(International Cocaine Distribution)

12.    Between in or about 2008 and 2009, in the countries of Colombia, Honduras, Guatemala, Mexico, the United States, and elsewhere, the defendant HAROLDO WALDEMAR LORENZANA-TERRAZA, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside therefore, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

<u>Violation Two</u>
(Attempted International Cocaine Distribution)

13.    In or about December 2015, in the countries of Colombia, Guatemala, and elsewhere, the defendant HAROLDO WALDEMAR LORENZANA-TERRAZA, and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such

substances would be unlawfully imported into the United States from a place outside therefore, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Three
(Attempted International Cocaine Distribution)

14.    In or about May 2016, in the countries of Colombia, Guatemala, Mexico, the United States, and elsewhere, the defendant HAROLDO WALDEMAR LORENZANA-TERRAZA, and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside therefore, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Four
(Attempted International Cocaine Distribution)

15.    In or about July 2016, in the countries of Colombia, Guatemala, Mexico, the United States, and elsewhere, the defendant HAROLDO WALDEMAR LORENZANA-TERRAZA, and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside

7

therefore, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Five
(Attempted International Cocaine Distribution)

16.     In or about December 2016, in the countries of Colombia, Guatemala, Mexico, the United States, and elsewhere, the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA,** and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside therefore, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Six
(Attempted International Cocaine Distribution)

17.     In or about January 2018, in the countries of Colombia, Guatemala, Mexico, the United States, and elsewhere, the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA,** and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a mixture or substance

containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

<u>Violation Seven</u>
(Attempted International Cocaine Distribution)

18.     In or about February 2018, in the countries of Venezuela, Guatemala, Mexico, the United States, and elsewhere, the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA,** together with others known and unknown to the Grand Jury, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii),  and Title 18, United States Code, Section 2.

<u>Violation Eight</u>
(Attempted International Cocaine Distribution)

19.     In or about April 2018, in the countries of Guatemala, Mexico, the United States, and elsewhere, the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA,** and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United

States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Nine<br>(Attempted International Cocaine Distribution)

20.    In or about August 2019, in the countries of Colombia, Guatemala, Mexico, the United States and elsewhere, the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA,** and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Ten<br>(Attempted International Cocaine Distribution)

21.    In or about December 2019, in the countries of Colombia, Guatemala, Mexico, the United States and elsewhere, the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA,** and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States

10

Code, Section 2.

<u>Violation Eleven</u>
(Murder Conspiracy)

22.    In or about 2015 and continuing thereafter, up to and including the date of the filing of this Superseding Indictment, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant **HAROLDO WALDEMAR LORENZANA-TERRAZA**, together with others, both known and unknown, while engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two of this Superseding Indictment, did knowingly and intentionally conspire to kill and counsel, command, induce, procure and cause the intentional killing of one or more persons, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846.

(Continuing Criminal Enterprise, in Violation of Title 21, United States Code, Sections 848(a), 848(b), 848(c), and 848(e)(1)(A).))

## COUNT TWO

23.    The allegations contained in paragraphs one through twelve are realleged and incorporated as if fully set forth in this paragraph.

24.    From in or around the beginning of 2006, and continuing thereafter, up to and including the date of this Superseding Indictment, the exact dates being unknown to the Grand Jury, in the countries of Venezuela, Colombia, Mexico, Guatemala, Honduras, the United States and elsewhere,

**HAROLDO WALDEMAR LORENZANA-TERRAZA,**
also known as "Haroldito," "Chukito," "Justino,"
"Salvador Ferragamo," and "Stefano,"

11

**STEVEN OVALDINO LORENZANA ALVARENGA,**
also known as "Chipi,"
**MIGUEL LIZANDRO LOPEZ GONZALEZ,**
also known as "Pinche,"
**GILBERTO QUILEB,**
also known as "Sapo," and
**ALLAN MENDOZA,**
also known as "Carnes," and "Carnitas,"

defendants herein, and others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(B)(ii), all in violation of Title 21, United States Code, Section 963.

25.    With respect to each of the defendants, the controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of the defendants, is five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii).

(Conspiracy to Distribute 5 Kilograms or More of Cocaine Intending, Knowing, and having Reasonable Cause to Believe that such substances will be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), and 963.)

12

## COUNT THREE

26.    The allegations contained in paragraphs one through twelve are realleged and incorporated as if fully set forth in this paragraph.

27.    On or around April 2018, the exact dates being unknown to the Grand Jury, in the countries Guatemala, the defendants,

**HAROLDO WALDEMAR LORENZANA-TERRAZA,**
also known as "Haroldito," "Chukito," "Justino,"
"Salvador Ferragamo," and "Stefano,"
**MIGUEL LIZANDRO LOPEZ GONZALEZ,**
also known as "Pinche," and
**GILBERTO QUILEB,**
also known as "Sapo,"

and others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to distribute 1 kilogram or more of heroin, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 959(a), 960(a)(3), and 960(b)(1)(A), all in violation of Title 21, United States Code, Section 963.

28.    With respect to each of the defendants, the controlled substances involved in the conspiracy attributable to each of the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is one (1) kilogram or more of heroin, in violation of Title 21, United States Code, Section 960(b)(1)(A).

> (Conspiracy to Distribute 1 Kilogram or More of Heroin Intending, Knowing, and having Reasonable Cause to Believe that Such Substance will be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(A), and 963.)

13

## COUNT FOUR

29.    The allegations contained in paragraphs one through twelve are realleged and incorporated as if fully set forth in this paragraph.

30.    From in or around the beginning of 2006, and continuing thereafter, up to and including the date of filing this Superseding Indictment, the exact dates being unknown to the Grand Jury,

**HAROLDO WALDEMAR LORENZANA-TERRAZA,**
also known as "Haroldito," "Chukito," "Justino,"
"Salvador Ferragamo," and "Stefano,"
**STEVEN OVALDINO LORENZANA ALVARENGA,**
also known as "Chipi,"
**MIGUEL LIZANDRO LOPEZ GONZALEZ,**
also known as "Pinche,"
**GILBERTO QUILEB,**
also known as "Sapo,"
**ALLAN MENDOZA,**
also known as "Carnes," and "Carnitas,"

did knowingly and intentionally use and carry a firearm, during and in relation to one or more drug trafficking crimes, to wit: the offenses charged in Count Two of this Superseding Indictment, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crime, to wit: the offense charged in Count Two of this Superseding Indictment, one or more of which firearms was brandished, one or more of which was a semiautomatic assault weapon, one or more of which was a machine gun, and one or more of which firearms was a destructive device, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(i), 924(c)(1)(B)(ii), and 2.

(Use, Carry, and Possession of a Firearm, in Violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(i), 924(c)(1)(B)(ii), and 2)

14

## **FORFEITURE ALLEGATION**

The United States hereby gives notice to the defendants that upon conviction of the Title 21 offenses alleged in Counts One through Three of this Superseding Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the defendants obtained directly or indirectly as the result of the alleged Title 21 violations, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of such offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third person;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be subdivided without difficulty;

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to

seek forfeiture of any other property of the said Defendants up to the value of the above forfeitable

property.

      (Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853
and 970.)


                  A TRUE BILL:


                  Foreperson

                  MARLON COBAR
                  Acting Chief
                  Narcotic and Dangerous Drug Section
                  Criminal Division
                  U.S. Department of Justice


By:               
                  TERESITA MUTTON
                  Trial Attorney
                  Narcotic and Dangerous Drug Section
                  Criminal Division
                  U.S. Department of Justice
                  Washington, D.C.  20530